ELLIS, Judge:
Pauline Engolio de Verges, wife of Edward Joseph de Verges, III, died as a result of injuries received when the automobile in which she was riding collided with an automobile operated by Irvin P. Bourg, who was alleged to be on active duty as a member of the Louisiana National Guard. She was survived by her husband, and her parents, Edward N. Engolio, Sr. and Luc-cille G. Engolio.
This suit was brought for her wrongful death by Mr. de Verges' and Judge and Mrs. Engolio, against Mr. Bourg and the State of Louisiana, through the Louisiana National Guard. The State waived its immunity from suit and liability by Senate Concurrent Resolution No. 146 of 1973. To the petition, the State filed a peremptory exception, alleging that because Mrs. de Verges was survived by her husband, he is the only person authorized by law to bring an action for her wrongful death, and that Judge and Mrs. Engolio are therefore without interest to recover on that cause of action. A similar exception was filed by Mr. Bourg.
Both exceptions were sustained and judgments dismissing the demands of Judge and Mrs. Engolio were signed, and they have appealed. In brief and in oral argument, it is conceded that the judgment in favor of Mr. Bourg is correct, and that this appeal involves only the propriety of the judgment in favor of the State.
Article 2315 provides:
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
“The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
“The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of:
(1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not. “As used in this article, the words ‘child’, ‘brother’, and ‘sister’, ‘father’, and *560 ‘mother’ include a child, brother, sister, father and mother, by adoption, respectively.”
It is clear from the third paragraph of the above article that, if a spouse or child survives the decedent, surviving parents have no right to recover damages for the wrongful death. However, plaintiff argues that the passage of Senate Concurrent Resolution No. 146 confers on Judge and Mrs. Engolio the right denied them by Article 2315. The argument is without merit. The resolution itself contains the following language:
“BE IT FURTHER RESOLVED that nothing herein contained shall be construed as conferring upon Edward Joseph de Verges, III, Edward N. Engolio, Sr. and Lucille G, Engolio any different or greater claim or cause of action than was had before the adoption of this resolution and that, except as otherwise expressly provided herein, the effect of this authorization shall be nothing more than a waiver of prescription and a waiver of immunity of the state from suit and from liability insofar as the suit herein authorized is concerned.”
The waiver by the State of its immunity from suit and liability cannot be construed as conferring on Judge and Mrs. Engolio any substantive rights beyond those enjoyed by them prior to the adoption of the resolution.
Plaintiffs’ final argument is to the effect that, had Article 2315 been properly interpreted to begin with, Judge and Mrs. Engolio would have had a right of action, and that we should now follow the French authorities in recognizing this right. Even if this be true, subsequent amendments of Article 2315 by the legislature have delineated specifically the rights of survivors, and its clear language denies to these parents the right they now seek.
The judgment appealed from is affirmed at the cost of Judge and Mrs. Engolio.
Affirmed.