MARVIN, Judge.
Does CC Art. 2317 afford to a decedent’s surviving parents a cause of action for wrongful death when they do not have a cause of action under CC 2315 because the decedent’s spouse and child also survive?[1]
The trial court answered this precise issue negatively and the parents appeal the judgment dismissing the action on defendants’ peremptory exception of no cause of action.
The wrongful death action has been much discussed by the bench and bar in Louisiana.[2] The Supreme Court has said that the legal right and cause of action of one injured by loss of economic aid [and] love and affection is independent of any action which the decedent might have had and which would have passed to his heirs. King v. Cancienne, 316 So.2d 366 (La.1975). Nonetheless, the wrongful death action is still considered as a creature of legislation specifically provided in those certain and limited circumstances set forth in amendments to CC Art. 2315. Flynn v. Devore, 373 So.2d 580 (La.App. 3d Cir. 1979).
The parents here argue that other Supreme Court cases have expanded traditional tort recovery beyond mere negligence and into fault and strict liability in some instances.[3] The theory common to these cases perhaps is best expressed in Arceneaux v. Domingue, 365 So.2d 1330 (La.1979), to the effect that delictual responsibility [does] not necessarily depend upon negligent acts, but upon fault, and that the custodian of an instrumentality that poses an unreasonable risk of injury to another is at fault. 365 So.2d at p. 1335.
Fault is a more comprehensive term than negligence, and fault encompasses many acts which are not morally wrong, but are merely violative of laws or of legal duties. Seals v. Morris, 410 So.2d 715 (La.1981); Langlois v. Allied Chemical, 258 La. 1067, 249 So.2d 133 (1971).
Perhaps the legislature may one day agree that parents ought to recover for the loss of a child in all circumstances of wrongful death, rather than under the circumstances delineated by the present statute. The courts thus far, however, have not accepted invitations to go beyond the clear *1268 import of the statute and instead have generally construed the statute creating the wrongful death action strictly rather than liberally. Roche, cited in footnote 2.
Civil Code Art. 2315 begins Chapter 2 of Title V of Book III of the Civil Code. This chapter, entitled “Of Offenses and Quasi Offenses”, includes the strict or custodial liability of CC 2317 as an offense or quasi offense. The right to recover damages if the injured person dies because of a CC 2317 offense or quasi offense is set forth in CC 2315, and because of the surviving spouse and child, these parents do not have the right or cause of action to recover for the wrongful death of their son.
Other plaintiffs have unsuccessfully asserted that other statutory and constitutional provisions effectively “extend” the CC 2315 wrongful death action to circumstances and persons not within the clear import of the article. Branch v. Aetna Cas. & Sur. Co., 370 So.2d 1270 (La.App. 3d Cir. 1979), writ denied. Other provisions of law, constitutional, statutory, and, as in this appeal, Civil Code Article 2317, will not be used by the courts to extend or to broaden the action for wrongful death that is exclusively set forth in CC Art. 2315. See Branch, supra.
At appellants’ cost, judgment is AFFIRMED.

.CC 2315 reads in part:
“The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.”
CC 2317 reads:
“We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."

. See generally, Johnson, “Death on the Callais Coach: The Mystery of Louisiana Wrongful Death and Survival Actions” 37 La.L.R. 1 (1976) and authorities cited and discussed therein; Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396 (La.1980); Shepard v. Louisiana Power & Light Co., Inc., 369 So.2d 1196 (La.App. 2d Cir. 1979); Collins v. Becnel, 297 So.2d 506 (La.App. 4th Cir. 1974); Wakefield v. Government Employees Insurance Co., 253 So.2d 667 (La.App. 4th Cir. 1971), writ refused; deVerges v. Bourg, 314 So.2d 558 (La.App. 1st Cir. 1975), writ refused.

. These cases include Holland v. Buckley, 305 So.2d 113 (La.1974); Turner v. Bucher, 308 So.2d 270 (La.1975); Loescher v. Parr, 324 So.2d 441 (La.1975); Arceneaux v. Domingue, 365 So.2d 1330 (La.1979); Seals v. Morris, 410 So.2d 715 (La.1981).