GARRISON, Judge.
On October 26, 1982, Philibert L. Lan-glois was struck by a car at the intersection of Prytania and Robert Streets in New Orleans. The car was driven by Earl A. Noble III and owned by Earl A. Noble, Jr. and/or Noble’s Butchers’ Supplies, Inc. On November 3, 1982, Langlois died as the result of injuries sustained in this accident.
This lawsuit was filed against the defendants by the testamentary executor of the succession of Philibert Langlois. The decedent had no surviving spouse, children, father, mother or siblings. In this suit, the succession representative claimed damages for medical and hospital expenses, burial and funeral expenses, succession and administration expenses and damages for the pain and suffering endured by the decedent prior to his death.
The defendants filed exceptions of no cause of action and no right of action and a motion for summary judgment. This motion and these exceptions were based upon defendants’ contention that the succession of a deceased is not within the designated class of persons listed in LSA-C.C. art. 2315 who are permitted under law to claim damages arising out of the death of another person. LSA-C.C. art. 2315 states in pertinent part:
“... The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if *110 he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover the damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
The plaintiff then filed a cross motion for partial summary judgment citing the same Civil Code article, 2315. The trial judge maintained the defendants’ exceptions of no right of action and no cause of action and motion for summary judgment and dismissed plaintiffs petition. Plaintiff appeals.
The main issue on appeal is whether or not the succession of a deceased is within the designated class of persons who are permitted under the law of Louisiana to claim damages arising out of the death of another person. The plaintiff presents three arguments in support of its position that the succession of a deceased is a proper party plaintiff in such an action. First, the plaintiff claims that the list in C.C. art. 2315 of classes of persons authorized to sue is not exclusive but is merely illustrative. In support of this contention, plaintiff cites the case of King v. Cancienne, 316 So.2d 366 (La.1975), in which a putative spouse was held to be a proper party plaintiff in a wrongful death action based on C.C. art. 2315. However, the court in King specifically stated that it was not deciding the issue of whether the listing of C.C. art. 2315 was illustrative or exclusive. On the contrary, the courts of our state have consistently held that the right of action created by C.C. art. 2315 may be extended only to the beneficiaries named in the statute and that the classes of beneficiaries must be strictly construed. Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396 (La.1980), appeal dismissed, 449 U.S. 808, 101 S.Ct. 54 (1980); Henry v. State of Louisiana, Through the Department of Health and Human Resources, 435 So.2d 565 (La.App. 3rd Cir.1983); Cullivan v. State Farm Mutual Automobile Insurance Company, 428 So.2d 1231 (La.App. 3rd Cir.1983), writ denied, 433 So.2d 180 (La.1983).
Plaintiffs second argument is that the succession of a decedent is authorized to exercise the survival rights of the decedent under the succession laws and under the authority granted to the executor. Plaintiff cites Civil Code articles 871 and 872 which state:
Art. 871. Meaning of succession
Succession is the transmission of the estate of the deceased to his successors. The successors thus have the right to take possession of the estate of the deceased after complying with applicable provisions of law.
Art. 872. Meaning of estate
The estate of a deceased means the property, rights, and obligations that a person leaves after his death, whether the property exceeds the charges or the charges exceed the property, or whether he has only left charges without any property. The estate includes not only the rights and obligations of the deceased as they exist at the time of death, but all that has accrued thereto since death, and the new charges to which it becomes subject.
Similar attempts to circumvent the clear wording of Article 2315 and its line of jurisprudence have been rejected in LaBorde v. Eagle Trucking Company, 409 So.2d 1266 (La.App. 2nd Cir.1982), writ denied, 413 So.2d 506 (La.1982) and in Henry v. State, Through Department of Health and Human Resources, supra. The court in Henry clearly stated that:
“... the only way in which the plaintiff can prove that she has a right of action is to demonstrate either: (1) that she is one of the named beneficiaries in La.C.C. art. 2315, or (2) that the list of beneficiaries provided in art. 2315 is merely illustrative rather than exclusive.”
*111 In this case, the plaintiff, the succession of the deceased, is clearly not one of the named beneficiaries in Article 2315. Additionally, the argument that the list in 2315 is illustrative rather than exclusive was clearly rejected in Roche v. Big Moose Oil Field Truck Service, supra, as stated above. Therefore, these succession articles cannot be used to add an entirely new class who can bring an action for damages resulting from the injury and death of another person when the classes who are allowed to bring such an action are clearly enumerated in Article 2315.
Plaintiffs third argument is that the plaintiff is exercising a property right claim and that under Article 2315, the defendants are liable to the succession for the expenses it was required to pay as a result of said accident and which it would not have sustained had Mr. Langlois not been injured and/or had not died. In support of this position, the plaintiff refers to the trial judge’s reasons for judgment in which he points out the inequities of a situation such as this and argues that the legislature in enacting Article 2315 could not possibly have intended to protect the tortfeasor as is effectively happening in this case. Although the trial judge’s arguments are persuasive, he admits that Article 2315 and its jurisprudence clearly deny a succession representative the right to recover in a survival action.
Reply briefs filed by both parties direct the court’s attention to the recently enacted Act 397 of the 1984 regular session of the Louisiana legislature which adds a succession representative as a designated beneficiary under Article 2315 to recover “expenses or monetary obligations necessarily incurred by the obligee” if the deceased is not survived by any of the persons in the previously designated class of Article 2315. This amendment was passed by the legislature on July 6, 1984. The defendants cite cases in support of their position that amendments to Article 2315 have only prospective application. See River Cities Construction Company, Inc. v. Barnard & Burk, Inc., 444 So.2d 1260 (La.App. 1st Cir.1983), writ denied, 446 So.2d 1223 (La.1984). Plaintiff argues that the amendment is retroactive and that, therefore, it allows them to assert this action against the defendants. In its reply brief, the plaintiff also argues that pre-amendment Article 2315 is an unconstitutional violation of equal protection because it grants a potential tortfeasor a right to sue the decedent’s estate but prohibits a decedent’s estate from suing a tortfeasor for decedent’s damages.
Because the amendment to Article 2315 is a substantive change in the law and because the legislature did not state that this amendment was to apply retroactively, this amendment has prospective application only and does not apply to this case. Although the plaintiff argues that the equities of this case are with it, the jurisprudence and Article 2315 clearly support the defendants’ position. Furthermore, we find no merit in plaintiff’s argument that- Article 2315 is unconstitutional. Therefore, we affirm the decision of the trial court maintaining defendants’ exceptions of no cause of action and no right of action and motion for summary judgment and dismissing plaintiff’s suit.
AFFIRMED.