470 So.2d 207 (1985)
Peter A. ASCANI, Sr., et al.
v.
Darrell HUGHES, et al.
No. CA-2823.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1985.
*208 Roy A. Raspanti, New Orleans, for plaintiffs-appellants Peter A. Ascani, Sr., et al.
Thomas P. Anzelmo, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for defendants-appellees City of New Orleans, Henry Morris (as Chief of Police), and Officers Darrell Hughs and Terrence Duffy.
Before REDMANN, C.J., and SCHOTT and BARRY, JJ.
BARRY, Judge.
Plaintiffs appeal the dismissal of claims by decedent's estate and his siblings for wrongful death under federal civil rights provisions. We affirm.
On February 7, 1983 David Ascani was allegedly shot and killed by two police officers and a suit for damages under state and federal law was filed:
Under La.C.C. Art. 2315:
 Peter A. Ascani, Sr. Wrongful death, loss of
 Father of decedent love and affection, mental
 and physical pain and suffering,
 loss of financial
 support.
 Peter A. Ascani, Sr. Mental and physical pain
 individually and on behalf and suffering, loss of life
 of the estate of
 David Ascani.
Under 42 U.S.C. § 1983:
 Peter A. Ascani, Sr. Wrongful death, loss of
 Father of decedent love and affection, mental
 and physical pain and suffering,
Under 42 U.S.C. § 1983:
 loss of financial
 support, loss of freedom
 of association.
 Peter A. Ascani, Sr. Mental and physical pain
 individually and on behalf and suffering, loss of life.
 of the estate of
 David Ascani.
 Peter A. Ascani, Jr., Loss of freedom of association
 Anna Schmit, Darius
 Ascani, Jesse Ascani,
 Mercedes Reinerth,
 Darlene Boyle, siblings
 of decedent.
Defendants' exception of no cause of action to the claims on behalf of the estate and the siblings was maintained.
The exception of no cause of action tests the legal sufficiency of the petition. All well-pleaded facts are accepted as true; the issue is whether the petition supports the redress sought. Plaquemines Parish Commission Council v. Perez, 379 So.2d 1373 (La.1980); Scariano Brothers, Inc. v. Hammond Construction, Div. of Scheyd-Brennan, Inc., 428 So.2d 564 (La.App. 4th Cir.1983).
Plaintiffs allege that 42 U.S.C. § 1983 provides an action on behalf of the estate which is separate and distinct from Louisiana's Art. 2315 wrongful death and survival actions. Relying on Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), plaintiffs argue that a uniform federal rule of survivorship must be applied to prevent abatement of the estate's claim for deprivation of decedent's constitutional right to life.
42 U.S.C. § 1983 provides in part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.
Section 1983 has no remedial provisions, but 42 U.S.C. § 1988, provides:

*209 The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title [including 42 U.S.C. § 1983] ... shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause ...
Robertson v. Wegmann, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) and Brazier v. Cherry, 293 F.2d 401 (5th Cir.1961), cert. denied, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961) set forth the following hierarchy of authority under § 1988:
Federal statutory law applies unless "not adapted to the object" or "deficient"; State law applies unless it is "inconsistent with the Constitution and laws of the United States;"
Federal "common law" applies.
"Although § 1988 is directed to federal district courts, it provides, by analogy, even greater justification for a state court to apply state law when the federal cause of action is adjudicated in the state court system." Ricard v. State, 390 So.2d 882, 885 (La.1980).
Because federal statutory law does not address the survival of § 1983 claims, who the injured parties are when the victim is killed, or the measure of available damages, resort must be made to state law unless it is inconsistent with federal law. Robertson v. Wegmann, supra; Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984).
Louisiana law most analogous to plaintiffs' § 1983 claims is La.C.C. Art. 2315. Robertson v. Wegmann, supra; Love v. Davis, 353 F.Supp. 587 (W.D.La.1972). It allows a survival action and a wrongful death action. Callais v. Allstate Insurance Co., 334 So.2d 692 (La.1975) (on rehearing).
Unlike statutes in many states which specify a personal representative to bring the action, Art. 2315 designates three classes of beneficiaries:
(1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children;
(2) the surviving father and mother of the deceased, or either of them, if there is no spouse or child surviving; and
(3) the surviving brothers and sisters of the deceased, or any of them, if there is no spouse, child, or parents surviving.
Persons not specified in Art. 2315 are without a remedy. Roche v. Big Moose Oilfield Truck Service, 381 So.2d 396 (La. 1980). The estate of a decedent is not among the designated beneficiaries. Therefore, Mr. Ascani's claim on behalf of the estate does not state a cause of action. See Cullivan v. State Farm Mutual Automobile Insurance Company, 428 So.2d 1231 (La.App. 3rd Cir.1983), writ denied, 433 So.2d 180, 181 (La.1983).
The narrow issue, then, is whether under these facts Art. 2315 is "inconsistent with the Constitution and laws of the United States" so as to require application of "federal common law."
In Robertson v. Wegmann, supra, the issue was whether an executor could be substituted for a deceased plaintiff with no surviving parents, wife, children or siblings, or whether the action must be dismissed on the ground of abatement. The Supreme Court, relying on § 1988, discerned a deficiency in federal law to the extent that it was silent on the issue of survival of a § 1983 action. It applied Art. 2315, finding nothing in the article or its underlying policies to indicate that because it caused abatement of a particular action it *210 should invariably be ignored in favor of absolute survivorship.
The Court noted:
It is true that § 1983 provides `a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation.' Mitchum v. Foster, supra, 407 U.S. [225], at 239, 92 S.Ct., [2151] at 2160 [32 L.Ed.2d 705]. That a federal remedy should be available, however, does not mean that a § 1983 plaintiff (or his representative) must be allowed to continue an action in disregard of the state law to which § 1988 refers us. A state statute cannot be considered `inconsistent' with federal law merely because the statute causes the plaintiff to lose the litigation. If success of the § 1983 action were the only benchmark, there would be no reason at all to look to state law, for the appropriate rule would then always be the one favoring the plaintiff, and its source would be essentially irrelevant. But § 1988 quite clearly instructs us to refer to state statutes; it does not say that state law is to be accepted or rejected based solely on which side is advantaged thereby. Under the circumstances presented here, the fact that Shaw was not survived by one of several close relatives should not itself be sufficient to cause the Louisiana survivorship provisions to be deemed `inconsistent with the Constitution and laws of the United States.' 42 U.S.C. § 1988. Robertson v. Wegmann, supra, 436 U.S. [584] at 593, 98 S.Ct. [1991] at 1996, 1997.
Although the Court ultimately applied Art. 2315 and denied the executor's action, it explicitly declined a view on the issue before us, i.e., whether a cause of action exists in favor of the estate despite state law which precludes such, where the alleged deprivation of constitutional rights caused death. Robertson v. Wegmann, supra, 436 U.S. at 594, 98 S.Ct. at 1997. Following the rationale of Robertson, there is no reason to reach a different result where the alleged constitutional violation results in death and the decedent is survived by a parent authorized to bring a wrongful death and survival action under Art. 2315. As explained in Robertson, supra, 436 U.S. at 590, 98 S.Ct. at 1995:
In resolving questions of inconsistency between state and federal law raised under § 1988, courts must look not only at particular federal statutes and constitutional provisions, but also at `the policies expressed in [them].' Sullivan v. Little Hunting Park, Inc., supra, 396 U.S. [229], at 240, 90 S.Ct. [400], at 406 [24 L.Ed.2d 386]; see Moor v. County of Alameda, supra, 411 U.S. [693], at 703, 93 S.Ct. [1785], at 1792 [36 L.Ed.2d 596]. Of particular importance is whether application of state law `would be inconsistent with the federal policy underlying the cause of action under consideration.' Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975).
The fundamental policies behind § 1983 are twofold. One is compensation for and the other is deterrence of unconstitutional acts committed under state law. Robertson v. Wegmann, supra. It is this court's opinion that the remedies under Art. 2315, as applied to this case, suffice to meet the § 1983 "deterrence of official misconduct" policy. Decedent in this case, unlike the plaintiff in Robertson, is survived by his father, and the damages available to him under Art. 2315 are broad. Ricard v. State, supra; Roundtree v. Technical Welding and Fabrication Company, Inc., 364 So.2d 1325 (La.App. 4th Cir.1978), writ denied, 367 So.2d 389 (La.1979).
Further, it is settled that "a state official contemplating illegal activity must always be prepared to face the prospect of a § 1983 action being filed against him. In light of this prospect, even an official aware of the intricacies of Louisiana survivorship law would hardly be influenced in his behavior by its provisions." Robertson v. Wegmann, 436 U.S. at 592, 98 S.Ct. at 1996. As explained in Robertson, supra, 436 U.S. at 592, 98 S.Ct. at 1996 n.10: "In order to find even a marginal influence on *211 behavior as a result of Louisiana's survivorship provisions, one would have to make the rather farfetched assumptions that a state official had both the desire and the ability deliberately to select as victims only those persons ... who would not be survived by any close relatives."
The other stated policy, that of compensating the victim of the constitutional deprivation"... provides no basis for requiring compensation of one who is merely suing as the executor of the deceased's estate." Robertson v. Wegmann, supra, 436 U.S. at 592, 98 S.Ct. at 1996.
We find nothing in Art. 2315 which is "inconsistent with the Constitution and laws of the United States,"[1] and again conclude the trial court correctly applied Louisiana law and properly sustained the exception of no cause of action with respect to the claims of decedent's estate. see Jones v. George, 533 F.Supp. 1293 (S.D.W.Va. 1982).
A different situation is presented with the claim of decedent's siblings for loss of freedom of association with their brother. The siblings contend the First Amendment to the U.S. Constitution guarantees a constitutionally protected liberty interest in the continued society and companionship of their brother, the deprivation of which is fully compensable under § 1983.[2]
The U.S. Supreme Court has not decided whether a sibling has a liberty interest in the continued association of a sibling, protected from unlawful state interference by the due process clause of the Fourteenth Amendment, in the context of a § 1983 death action.[3] However, federal lower courts have addressed this issue and their conclusions are persuasive.
In Sanchez v. Marquez, 457 F.Supp. 359 (D.Colo.1978), a § 1983 death action was brought by representatives of the victim's estate and the victim's brothers and sisters. In denying the siblings recovery, the court held that the right of association protected by the U.S. Constitution does not extend to a § 1983 action arising out of the death of one's brother. The court stated:
Where the right to raise, educate and associate with one's own child may rise to constitutional dimensions, the right of siblings to have their brother or sister continue living does not. The relationship between a parent and its off-spring and the relationship between brother and sibling is not a difference in degree, it is a difference in kind. Though one has a constitutional right to have or not have a child, one does not have a constitutional right to have or not have a brother. Sanchez v. Marquez, supra at 363.
Sanchez has been cited with approval by other federal courts. Beck v. Kansas University Psychiatry Foundation, 580 F.Supp. 527 (D.Kan.1984); Sager v. City of Woodland Park, 543 F.Supp. 282 (D.Colo. 1982).
In Bell v. City of Milwaukee, supra, the federal Seventh Circuit reversed a district court decision, 536 F.Supp. 462 (E.D.Wis. 1982), which recognized an action for loss of society and companionship among siblings:
Morever, if we were to hold that the federal Constitution entitles the siblings *212 to recover for loss of society and companionship, there could be no principled way of limiting such a holding to the immediate family or perhaps even to blood relatives. Obviously many human relationships stem from the `emotional attachments that derive from the intimacy of daily association,' but we are unwilling to attach constitutional significance to such attachments outside the closely guarded parent-child relationship. Plaintiffs suggest that we could limit a holding in their favor to blood relatives in the nuclear family, arguing that injury to relationships within the nuclear family is the reasonably foreseeable result of any wrongful death. But in any wrongful death case it is reasonably foreseeable that many persons' relationships with the deceased will end, and the rationale offered for protecting blood relatives within the immediate family also extends beyond the immediate family.
Therefore, the proffered limitations in such a holding are not viable; such a holding would require us to wander without principled guidance in deciding which, if any, of a decedent's brother, sisters, aunts, uncles, cousins or even friends could recover under federal law for the deprivation of their association with the decedent. Bell v. City of Milwaukee, supra at 1247.
We conclude that constitutional authority does not permit decedent's siblings a cause of action under § 1983.
The judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Plaintiffs' reliance on Carlson v. Green, supra, for the proposition that federal common law must be applied is misguided. Carlson is clearly distinguishable as a Bivens-type suit in which the plaintiff sought relief for violation of his constitutional rights by federal officials under a judicially created remedy. The instant case is for constitutional violations by state officials pursuant to a federal statute.
[2] The siblings make no claim pursuant to La. C.C. Art. 2315, recognizing that under that article the existence of a member of the preferred class of beneficiaries, i.e. decedent's father, precludes them from recovery. Ehrhard v. State Farm Mutual Automobile Insurance Company, 274 So.2d 911 (La.App. 1st Cir.1973), app. denied, 279 So.2d 202 (La.1973).
[3] The issue might have been addressed, but certiorari was dismissed as improvidently granted in Jones v. Hildebrant, 191 Colo. 1, 550 P.2d 339 (1976), certiorari dismissed, 432 U.S. 183, 97 S.Ct. 2283, 53 L.Ed.2d 209 (1977), and Espinoza v. O'Dell, 633 P.2d 455 (Colo.1981), certiorari dismissed, 456 U.S. 430, 102 S.Ct 1865, 72 L.Ed.2d 237.