Betty Cole ASHCRAFT

v.

The LOUISIANA COCA–COLA BOT-
TLING COMPANY, LTD., et al.

Civ. A. Nos. 86-0080, 86-5589.

United States District Court,
E.D. Louisiana.

April 23, 1987.

Action was brought by survivors of seller of stock asserting various claims based on alleged securities fraud. On defendants' motion for partial summary judgment based on assertion that claims were time barred, the District Court, Feldman, J., held that: (1) Rule 10b–5, RICO and breach of fiduciary duty claims were not offenses or quasi offenses within Louisiana statute establishing one-year peremptive time bar with respect to actions by survivors of person injured by offense or quasi offense; (2) section of Louisiana Securities Law was the state law referred to for the statute of limitations on Rule 10b–5 claims and for RICO claims whose very underpinnings were anchored in securities fraud; (3) in any event, question of when to start clock running for purpose of applying borrowed state statute of limitations was controlled by federal law; and (4) neither federal nor state claims would be regarded as having arisen at the time of the stock seller's death and before the resale of the stock which provided the basis for the suit.

Law Offices of Frederick J. Gisevius, Frederick J. Gisevius, Jr., T.A., New Orleans, La., Henican, James & Cleveland, C. Ellis Henican, Jr., Metairie, La., Bouhan, Williams & Levy, Walter C. Hartridge, Savannah, Ga., for Betty Cole Ashcraft.

Barham & Churchill, Charles F. Thensted, T.A., John F. Whitney, Skye McLeod, New Orleans, La., Levin & Funkhouser,

Ltd., Lawrence Levin, Wilson Funkhouser, Vance Liebman, Debra Moore, Kenneth Grady, Chicago, Ill., for Richard W. Freeman, Jr., Louis M. Freeman.

Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, Curtis R. Boisfontaine, T.A., Sally A. Shushan, New Orleans, La., for Louisiana Coca-Cola Bottling Co.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is defendants' motion for partial summary judgment. The motion is DENIED.

The defendants contend that the claims of Virginia Lind Dekker and Frederick E. Lind, Jr., as successors of any rights remaining from 150 shares of Louisiana Coca-Cola Bottling Co. common stock, are barred by Louisiana Civil Code Article 2315.1. Article 2315.1 provides in part:

"Art. 2315.1 Survival Action.

A. If a person who has been injured by an offense or quasi-offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi-offense, shall survive for a period of one year from the death of the deceased in favor of:

(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children;

\* \* \* \* \* \*

C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this article."

The time limitation of Article 2315.1 is peremptive and thus not subject to interruption. *McClendon v. State Department of Corrections,* 357 So.2d 1218 (La.App.1978).

This action arises out of a tender offer Louisiana Coca-Cola Bottling Co. made to its shareholders in April of 1982. At that time, Frederick E. Lind, Sr. owned 300 shares of common stock. Mr. Lind accepted the tender offer and tendered his shares. He died on October 16, 1983. Virginia Lind Dekker and Frederick E. Lind, Jr. assert their claims as statutory survivors of Frederick E. Lind, Sr. This action was filed on December 19, 1986.

Article 2315.1 applies by its terms to "offenses and quasi-offenses". Plaintiffs' complaint asserts several causes of action against the defendants, and the first question is whether these causes of actions are all offenses or quasi-offenses within the meaning of Article 2315.1. It is this Court's conclusion that Counts One, Two and Four (the Rule 10b–5, RICO and breach of fiduciary duty claims) are not offenses or quasi-offenses within Article 2315.1. While Article 2315.1 does not define "offenses and quasi-offenses", the chapter of the Civil Code in which it is found is entitled "Of Offenses and Quasi Offenses". It is, therefore, logical to conclude that the articles within that chapter, that is, Articles 2315 through 2324, constitute the causes of action referred to in Article 2315.1. Only Count Three of plaintiffs' complaint refers to one of these articles.

Defendants argue that plaintiffs may not rely on Article 2315.1 for their survival rights and then avoid its peremptive time bar. Their argument overlooks Article 426 of the Louisiana Code of Civil Procedure, which provides for a general right of survival. If, as defendants contend, Article 426 is solely procedural and confers no substantive right, plaintiffs may nevertheless assert their survival rights by virtue of La.R.S. 51:714(D), which states:

"Every cause of action under this Part survives the death of any person who might have been a plaintiff or defendant."

Section 714(D) refers to actions under "this Part". The "Part" is Part X, the Louisiana Securities Law. It is the state law referred to for the statute of limitations in Rule 10b–5 claims. *Dupuy v. Dupuy,* 551 F.2d 1005, 1023–24 n. 31 (5th Cir.), *cert. denied,* 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977). *Dupuy* and Section 714(D) make it conceptually appropriate and consistent to look to the same source for the survival of 10b–5 claims as well, rather than Article

2315.1. (It is also consistent to refer to it as to the survival of RICO claims, whose very underpinnings are anchored in securities fraud.)

■ Plaintiffs' 10b–5 and RICO claims are federal causes of action. Assuming that Article 2315.1 were to apply, the question of when to start the clock running for the purpose of applying a borrowed state statute of limitations to these federally created rights is still controlled by federal law. *Azalea Meats, Inc. v. Muscat,* 386 F.2d 5, 8 (5th Cir.1967). This Court rejects the contention that these federal claims, based on alleged securities fraud, arose at the time of the father's death and before the resale of Louisiana Coca-Cola Bottling Co. stock (which provides the basis for suit here). See *Holmberg v. Armbrecht,* 327 U.S. 392, 396–97, 66 S.Ct. 582, 584–85, 90 L.Ed. 743 (1946); *Janigan v. Taylor,* 344 F.2d 781, 784 (1st Cir.), *cert. denied,* 382 U.S. 879, 86 S.Ct. 163, 15 L.Ed.2d 120 (1965).[1]

■ The same logic leads the Court to rule the same way as to the state law claims. For reasons already stated, the claim for breach of fiduciary duty is not within Article 2315.1. *See also Turner v. Southern Wheel and Rim Service, Inc.,* 332 So.2d 770 (La.1976). Further, claims for breach of fiduciary duty are subject to a ten year prescriptive period under Article 3499, and may be extended by the doctrine of *contra non valentem. Plaquemines Parish Commission Council v. Delta Development Co.,* 502 So.2d 1034, 1061–63 (La.1987). Even as to the state claims under Article 2315 alleged in Count Three of the complaint, Article 2315.1 does not bar suit on these facts. The Louisiana Supreme Court has explained the policy behind Article 2315.1:

> "The survival action is transmitted by the victim to the beneficiary who has one year from the date of the victim's death to bring the survival action if the victim died within a year of injury and without

having brought suit. In such instances the beneficiary is in effect the recipient of a time bonus of more than one year in which to institute the victim's action." *Guidry v. Theriot,* 377 So.2d 319, 326 (La. 1979). Defendants would have the Article apply to bar the action of the children before the father could have been "injured", had he been living when an agreement to sell Louisiana Coke was made. A survival right that would pass to the children and perempt before the resale of Louisiana Coca-Cola stock is no survival right at all. It is a reward for the concealment of the alleged fraud. It is certainly not the "bonus" intended by the legislature. *Ayo v. Johns-Manville Sales Corp,* 771 F.2d 902 (5th Cir.1985) is distinguishable because Mr. Ayo's death was allegedly caused by the defendants' asbestos. Unlike the present case, his injury was complete at death, and the death served to alert the survivors to the possibility of filing claims. *Id.* at 906. The Fifth Circuit noted that the result was harsh, but that the decedent's beneficiary had to inquire into the cause of death. *Id.* at 909 n. 4. Where the defendants' alleged wrongful conduct is unrelated to the decedent's death, and, in fact, where it is patently undiscoverable at death, as here, a different case is presented.

Accordingly, for the foregoing reasons,

IT IS ORDERED:

Defendants' motion for partial summary judgment is DENIED.

---

**1.** *Robertson v. Wegmann,* 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) does not require a different result. It holds only that the abatement of a § 1983 action by a plaintiff who died without relatives did not, in those narrow circumstances, make state law inconsistent with federal law. It does not mandate application of a borrowed state statute in such a way as to extinguish the federal claims of the plaintiffs before their father, had he lived, could have discovered them.