PLOTKIN, Judge.
On February 7, 1977, David Nathan As-cani was shot and killed by a New Orleans police officer. A suit for damages was filed by decedent’s father, Peter A. Ascani, Sr., and decedent’s siblings — Peter A. As-cani, Jr., Anna Schmit, Darius Ascani, Jesse Ascani, Mercedes Reinerth and Darlene Boyle — against the City of New Orleans, New Orleans Police Department, Henry Morris, individually and in his capacity as Chief of Police for the New Orleans Police Department and American Centennial Insurance Company. The siblings filed under 42 U.S.C. 1983 for loss of freedom of association. Defendants brought an exception of no cause of action to the siblings’ claim and the trial court granted the exception. In Ascani v. Hughes, 470 So.2d 207 (La.App. 4th Cir.1985), this court affirmed the trial court and held that the siblings of David Nathan Ascani have no cause of action under 42 U.S.C. 1983 or the U.S. Constitution. Writs were denied by the Louisiana Supreme Court on June 28,1985, 472 So2d 919. The Supreme Court of the United States also denied writs on this issue. Ascani v. Hughes, 474 U.S. 1001, 106 S.Ct. 517, 88 L.Ed.2d 451 (1985).
Subsequently, the siblings of David Nathan Ascani (Ascani) filed a Fifth Supplemental and Amending Petition alleging a cause of action under 42 U.S.C. 1985. They claim the defendant-police officers conspired to cover-up the facts surrounding the death of the decedent and that the defendants’ actions prevented the siblings from gaining access to the courts. On April 24, 1987, the defendants filed an exception of no cause of action as to the section 1985 claim. The exception was sustained by the trial court on June 10, 1987. Ascani, appellants herein, presently appeal the decision granting the exception of no cause of action. We affirm.
The exception of no cause of action tests the legal sufficiency of the petition. The court must accept all well-pleaded facts as true; the issue is whether the facts of the petition legally entitle the plaintiff to the relief sought. Plaquemines Parish Commission Council v. Perez, 379 So.2d 1373, rehearing denied, (La.1980); Scariano Brothers, Inc. v. Hammond Construction, Div. of Scheyd-Brennan, Inc., 428 So.2d 564 (La.App. 4th Cir.1983).
Appellants allege 42 U.S.C. 1985, Conspiracy to Interfere with Civil Rights, provides a right and a cause of action. Section 1985 provides in pertinent part:
Depriving persons of rights or privileges
(3) [I]f two or more persons engaged [in conspiracy] do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United *1261 States, the party so injured or deprived may have an action for recovery of damages occasioned by such injury or deprivation, against any one of the conspirators.
In Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court interpreted Section 1985(3) to require that a plaintiff allege: (1) a conspiracy of two or more persons (2) “for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of laws, or of equal privileges and immunities under the laws” and (3) an act in furtherance of the conspiracy; (4) whereby a person is either “injured in his person or property” or “deprived of ... any right or privilege of a citizen of the United States.” The Griffin Court further elucidated Section 1985(3) by restricting the second element above to mean that “there must he some racial, or ... otherwise class-based, invidiously discriminatory animus behind the conspirators’ actions.” Griffin, 91 S.Ct. at 1798. The courts have consistently established that only where the plaintiff alleges a conspiracy motivated by racial animus does he have a Section 1985(3) action. See United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983); Great American Federal Savings and Loan Association v. Novotny, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); Daigle v. Gulf States Utilities Co., Local 2286, 794 F.2d 974 (5th Cir.1986) cert. denied, — U.S. -, 107 S.Ct. 648 (1986); Eitel v. Holland, 787 F.2d 995 (5th Cir.1986), rehearing, 798 F.2d 815 (5th Cir.1986); Rayborn v. Mississippi State Board of Dental Examiners, 776 F.2d 530 (5th Cir.1985). Thus, in order to state a cause of action under Section 1985(3), the petitioners must specifically allege that the defendants, motivated by racial animus, conspired to deprive them of their legal rights. However, in the instant case, petitioners’ Fifth Supplemental and Amending Petition does not set forth any particular allegations of conspiracy. It simply states that certain members of the New Orleans Police Department
conspired to conceal the true facts of the shooting death of DAVID NATHAN AS-CANI and/or failed to exercise that degree of care and diligence which could have prevented or aided in preventing the conspiracy.... (Paragraph 15)
And the petition declares that certain investigating officers
had the duty to investigate the shooting of DAVID NATHAN ASCANI and failed to do so. They failed to conduct a full and thorough investigation despite the disrepancies (sic) in the evidence both testimonial and physical.... (Paragraph 18A)
Thus the petition fails because it does not allege conspiracy with any specificity; nor does it aver that the defendants were motivated by bad faith toward the decedent.
Furthermore, even if the Section 1985 claim were well-pled, the petitioners could not prevail because state law precludes their recovery. Section 1985 has no remedial provisions; in that sense it is deficient. However, Section 1988 provides that where statutory law is deficient of “suitable remedies” in civil rights cases, courts are governed by
the common law, as modified and changed by the constitution of the State wherein the court having jurisdiction of such civil or criminal cause is held....
In Louisiana wrongful death actions are governed by Civil Code Article 2315.1 which establishes three separate and exclusive classes of beneficiaries; they are:
1. The surviving spouse and child or children of the deceased;
2. The surviving mother and father of the deceased, if there is not a child or spouse surviving;
3. The surviving brothers and sisters of the deceased, if there is no spouse, child or parent surviving.
It is well settled that the right of action created by La.C.C. Art. 2315 is extended only to those individuals designated beneficiaries in the article and that the classes of beneficiaries must be strictly construed. Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396 (La.1980), appeal dis *1262 missed, 449 U.S. 808, 101 S.Ct. 54, 66 L.Ed. 2d 11 (1980); Henry v. State of Louisiana, Through the Department of Health and Human Resources, 435 So.2d 565 (La.App. 3rd Cir.1983), writ denied 441 So2d 750 (La.1983); Succession of Langlois v. Noble, 465 So.2d 108, rehearing denied, (La.App. 4th Cir.1985), writ denied, 568 So2d 1209 (La.1985).[1]
Appellants cite Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir.1984), for the proposition that as siblings they have a right to recover for deprivation of their right to access to the courts in spite of the fact that they have no right to recover under federal or state law. In Bell, the victim was killed by a police officer on Feb. 3, 1958. Bell’s father, Dolphus Bell, brought an action in state court seeking damages for the death of his son, and he orally agreed to a settlement but he never signed the documents or collected any money for damages. Dolphus Bell died in 1962. In 1978, one of the police officers involved revealed the facts of the shooting, and in 1979 the siblings of Daniel Bell brought an action for his death under 42 U.S.C. 1985 claiming the defendants conspired to prevent their access to the courts. At that time, the victim’s siblings were the beneficiaries of both their father’s and their brother’s estates. Furthermore, under Wisconsin wrongful death law, siblings of a deceased are able to recover for “pecuniary injury.” Bell v. City of Milwaukee, 746 F.2d at 1250. The Bell siblings property interest in the cause of action of both estates provided the “pecuniary injury” required under Wisconsin law. The Seventh Circuit found that the
brothers and sister ... have property interests in the estates’ causes of action. ... The conspiracy obstructed the prosecution of those claims for over twenty years, thus making the brothers and sister the ultimate victims of the cover-up conspiracy. 746 F.2d at 1264.
We distinguish the present case from Bell. In Bell the victim’s family was denied access to the court for twenty years; in the instant case, the family brought suit within a year of the decedent’s death. In Bell, the victim’s father was dead; in Asca-ni, the victim’s father is a plaintiff in a separate suit. Moreover, Wisconsin has a wrongful death law that permits siblings to recover for loss of “pecuniary interest.” Louisiana has no such law.
We hold that 42 U.S.C. 1985 is inapplicable; therefore the siblings have no cause of action under federal law. Furthermore, La.C.C. Art. 2315 preempts their right of action because their father, Peter A. Asca-ni, Sr., instituted a wrongful death action. For the above and foregoing reasons, the judgment of the lower court is affirmed.
AFFIRMED.

. The cases cited refer to La.C.C. Art. 2315 which governed wrongful death actions prior to the 1986 amendment.