577 So.2d 364 (1991)
Joseph OVERPECK, Through James BARBREY, Executor of his Estate
v.
CHRIST EPISCOPAL CHURCH, Christ Episcopal School and the Episcopal Diocese of Louisiana.
No. 90 CA 0120.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
Writ Denied May 31, 1991.
Sheila C. Myers, New Orleans, for plaintiff-appellant.
Louis Leonard Galvis, New Orleans, for defendants-appellees.
Before LOTTINGER, SHORTESS and CARTER, JJ.
CARTER, Judge.
Plaintiff, as executor of the Estate of Joseph Overpeck, appeals an adverse judgment dismissing his suit for discrimination under the provisions of LSA-R.S. 46:2251 et seq. because the decedent is survived by a parent and siblings.
In appealing, plaintiff contends that the district court erred in maintaining defendants' peremptory exception raising the objection of no right of action and in dismissing the proceeding by the executor of the estate in that he is a named legatee in Overpeck's will.
We have studied and reviewed the entire record, including the trial judge's reasons for judgment, a copy of which is attached hereto, and conclude that the results reached by the trial judge are correct. The legislature by enacting LSA-R.S. 46:2251 recognized that discrimination is an offense or quasi-offense. Cf. Nathan v. Touro Infirmary, 512 So.2d 352 (La.1987), Day v. Day, 563 So.2d 441 (La.App. 1st Cir.), writ denied, 567 So.2d 109 (La.1990); Kok v. Harris, 563 So.2d 374 (La.App. 1st Cir. 1990). Cf also Hellpenstell v. Bonnabel Hospital, 523 So.2d 887 (La.App. 4th Cir.), writ denied, 531 So.2d 282 (La.1988). Inasmuch as we conclude that the trial judge was correct in maintaining the peremptory exception raising the objection of no right of action and in dismissing plaintiff's petition, we pretermit any discussion of defendants' dilatory exception raising the objection of prematurity.
Therefore, for the above and foregoing reasons, we affirm the decision of the trial court at plaintiff's costs.
AFFIRMED.

*365 APPENDIX

Joseph Overpeck, through James Barbrey, Executor of his estate

versus

Christ Episcopal Church, Christ Episcopal School, and the Episcopal Diocese of Louisiana

Number: 89-10338

Division: "D"

22nd Judicial District Court

Parish of St. Tammany

State of Louisiana
 /s/ [Signature]
 Deputy Clerk

REASONS FOR JUDGMENT

Filed June 16, 1989
This is a suit brought pursuant to LSA-R.S. 46:2251 et seq., the Louisiana Civil Rights for Handicapped Persons Act, to recover damages. It is alleged that Joseph Overpeck was terminated from his employment with the defendants as a result of his development of AIDS. Overpeck died on November 22, 1988 from complications associated with AIDS, and the instant action was filed by the executor of his succession. Currently pending before the Court are exceptions of no right of action and of prematurity filed by the defendants. The matters were set for hearing on May 10, 1989. At the conclusion of the hearing of oral argument on the matters from both parties, the Court ordered the defendants to file a reply memorandum within ten days and then took the matters under advisement.
Concerning defendants's exception of no right of action, the basic issue boils down to whether the plaintiff's cause of action should be governed by the survivorship provisions of La.Civil Code article 2315.1 or whether it should be governed by the provisions of La.Code of Civil Procedure articles 426 and 428, dealing with the transmission of the right to enforce obligations.

I.
Article 2315.1 of the Civil Code provides that if a person who has been injured by an offense or quasi-offense dies, the right to recover damages for the offense or quasi-offense survives for one year in favor of certain classes of people. First, the right of action descends to the surviving spouse and child or children of the deceased. If the decedent died without surviving spouse or children, the right of action vests in the deceased's surviving father and/or mother. In lieu of either of the first two classes, the right of action next falls to the surviving siblings of the deceased. Only if the decedent left no surviving spouse, child, parent, or sibling is the succession representative entitled to bring the survivor action on behalf of the decedent's estate. In the instant case, if plaintiff's cause of action is in fact governed by Article 2315.1, then plaintiff does not have a right to prosecute the action because the decedent was survived by his father and a number of siblings.
If the cause of action is governed by Code of Civil Procedure articles 426 and 428, then the plaintiff does have the right to proceed with the action since he is the decedent's universal legatee under his will and is also the executor of the decedent's succession.

II.
The Court has been unable to find any reported case law interpreting the Civil Rights for Handicapped Persons Act at all, much less any jurisprudence that would supply any direct guidance as to whether the cause of action created by the Act should be treated as an "offense or quasi-offense" for purposes of a survivor action. Therefore, the only remaining alternative is to examine analogous actions to see what guidance they may offer.
In Ascani v. Hughes, 522 So.2d 1259 (La.App. 4th Cir.1988), the Court was faced with a suit filed pursuant to a federal civil rights action (42 U.S.C. 1985) by the siblings of a deceased party. The Court applied Civil Code article 2315.1 to the action and found that the siblings were preempted *366 from bringing the action because the deceased's father had previously filed a wrongful death action.
In Robertson v. Wegmann, 436 U.S. [584], 591 [98 S.Ct. 1991, 1995, 56 L.Ed.2d 554] (1978), the U.S. Supreme Court interpreted the survivorship provisions of Article 2315 (which has since been separated out, amended slightly and renumbered as 2315.1) in a case arising out of the Eastern District of Louisiana. The case dealt with an action brought under another federal civil rights statute (42 U.S.C.1983) in which the original plaintiff died after the action was filed but before it went to trial and the executor of the decedent's succession sought to be substituted as party plaintiff.
The Court looked directly to the survivorship provisions of Article 2315 to address the question of whether the executor's substitution was proper and found that it was not. The Court stated that "[i]n actions other than those for damages to property..., Louisiana does not allow the deceased's personal representative to be substituted as plaintiff; rather, the action survives only in favor of a spouse, children, parents, or siblings". Id. at 591 [98 S.Ct. at 1996]. The Court specifically noted that Louisiana's statutory scheme for survivorship passed constitutional muster even though it did place limits on some actions.
This Court finds that these cases, even though the deal with federal rather than state civil rights actions and even though the factual contexts of the cases are different from the instant case, provide the most directly analogous situations to the case at hand. The plaintiff has advanced no compelling policy reasons why this case should be treated differently. Therefore, the Court finds that Civil Code article 2315.1 should be applicable to plaintiff's action brought pursuant to the Louisiana Civil Rights for Handicapped Persons Act. Since the decedent has a surviving parent and surviving siblings, the Court finds that the plaintiff does not have a right of action in accordance with Article 2315.1 and the defendants's exception should be maintained.

III.
The plaintiff has cited to the Court two cases in defense of his position, but the Court finds that they are both clearly distinguishable in material ways from the instant case.
In Ashcraft v. Louisiana Coca-Cola Bottling Co., Ltd., 658 F.Supp. 772 (E.D. La.1987), the Court was faced with applying Louisiana survivorship law as it concerned actions in securities fraud and civil RICO. The court in fact found that Civil Code article 2315.1 did not apply to those causes of action. However, the court also noted that Louisiana securities law, upon which all the claims were based, contains its own particular survivorship statute. In addition, the issue in Ashcraft was one of prescription rather than right of action. Further, an action based in securities fraud is much more analogous to a breach of contract case and much less similar to a tort than is a civil rights action.
The other case relied upon by the plaintiff was Nathan v. Touro Infirmary, 512 So.2d 352 (La.1987), in which a decedent's succession representative was permitted to prosecute a medical malpractice claim in which the suit was not filed until after the decedent's death. However, the Court notes that the decedent in Nathan died without being survived by any of the classes of beneficiaries listed in Article 2315.1 except for his succession representative. The Court further notes that the holding in Nathan turned upon the peculiar procedural requirements of a medical malpractice claim that are clearly not present in the instant case.

IV.
Accordingly, the Court finds that the exception of no right of action filed by the defendants should be maintained and that plaintiff's petition should be dismissed. Due to the Court's disposition of the above matter, defendants's exception of prematurity need not be addressed.
*367 The Court will sign a judgment consistent with these Reasons when such is presented to it.
Covington, Louisiana this 9th day of June, 1989.
 /s/James R. Strain, Jr.,
 James R. Strain Jr.,
 Judge Division "F"