370 So.2d 1270 (1979)
Albert BRANCH, Sr. and Clara Branch, Plaintiff-Appellants,
v.
AETNA CASUALTY & SURETY COMPANY et al., Defendant-Appellees.
No. 6770.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1979.
Rehearing Denied June 6, 1979.
*1272 Gravel, Roy & Burnes, Chris J. Roy, Alexandria, for plaintiff-appellants.
Gold, Little, Simon, Weems & Bruser, John F. Simon, Alexandria, for defendant-appellee.
David Scarbrough, Herman Carter, Leroy Book, and J. Dean Cowan, in pro per, for defendant-appellee.
Before DOMENGEAUX, SWIFT and DOUCET, JJ.
DOUCET, Judge.
This suit was brought by plaintiffs, Albert Branch, Sr., and Clara Branch, pursuant to La.C.C. art. 2315 for damages occasioned by the death of their unmarried, nineteen-year-old son, Albert Branch, Jr. He died as a result of an accident which took place on February 8, 1977, while he was working within the course and scope of his employment by Louisiana Delta Elevator Company in Jonesville, La. Named as defendants in the suit were appellees, Aetna Casualty and Surety Company, the employer's insurer, and four co-employees of the decedent, Leroy Book, David Scarbrough, Herman Carter, and Dean Cowan.
Defendants filed peremptory exceptions of no cause of action and no right of action, alleging that LSA-R.S. 23:1032 provides the exclusive remedy in this situation. The district court maintained these exceptions, dismissing plaintiffs' suit. They appealed.
The only issue before this court is whether or not the exclusion of other remedies provided by LSA-R.S. 23:1032 is constitutional. Because plaintiffs alleged in their petition that they were not dependents of their son, they are not eligible for death benefits under the Compensation Act, other than for medical and funeral expenses. LSA-R.S. 23:1231, et seq. The combined effect of these provisions is a denial to plaintiffs of a right to recover damages for the loss of their son's society, affection, etc.
Plaintiffs argue that this effect is not constitutionally permissible, because it violates La.Const. art. 1, § 22 as well as the due process and equal protection guarantees of both the state and federal constitutions. Before addressing their specific arguments based on these provisions, we feel that a brief discussion of the nature and origin of the right to recover for wrongful death in this state will be beneficial.
La.C.C. art. 2315 specifically provides for recovery for wrongful death damages. In King v. Cancienne, 316 So.2d 366 (La.1975), the Supreme Court of Louisiana exhaustively reviewed the source provisions of this article. Article 16 of the Code of 1808, the precursor of Article 2315, was a literal adoption of the French Projet du Gouvernement (1800), book III, title III, Article 16. It was succeeded by Article 2294 of the Code of 1825, which was identical to Article 1382 of the Code Napoleon of 1804. That provision appears unchanged in the first paragraph of Article 2315.
Although the French had interpreted their Article 1382 to provide a cause of action for recovery for wrongful death damages, in Hubgh v. New Orleans and Carrollton Railroad Company, 6 La.Ann. 495 (1851), the Supreme Court of Louisiana held that there was no such right in Louisiana under Article 2294 of the Code of 1825. The Hubgh court recognized that the principle set forth in the Code Napoleon was not new, but was derived from prior French law, Roman law and the natural law. However, it held that the French interpretation was not controlling, basing its decision on principles of common law. The court in King v. Cancienne, supra, declared that position to be erroneous. That conclusion was restated in Callais v. Allstate Insurance Company, 334 So.2d 692 (La.1975).
Responding at least in part to the Hubgh decision, the legislature amended Article 2315 by Act 223 of 1855 to provide for the survival of the decedent's cause of action against the tortfeasor. Later, it was again amended by Act 71 of 1884 to provide an *1273 action for the loss suffered by the survivors, themselves, through the death of the decedent.
In light of the above, it is clear that the right to recover for wrongful death in Louisiana originated long before the 1855 and 1884 amendments to Article 2315. The question which must be answered is whether the legislature could constitutionally limit that right in the manner in which it has. In arguing that the exclusion of other remedies provided by LSA-R.S. 23:1032 should not apply to them, plaintiffs asserted that that provision has been misinterpreted, but they cite no authority for that conclusion. Rather, it seems to be based on their reluctance to attribute to the legislature an intent which they find repugnant. However, the wording of the statute is clear and unambiguous. Its provisions apply to the employee's "relations" as well as his "dependents".[1] Therefore, we cannot agree that the act has been misinterpreted.
Plaintiffs also argue that LSA-R.S. 23:1032 violates Article 1, Section 22 of the Louisiana Constitution of 1974 which provides:
"All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights."
They contend that they cannot be denied an adequate remedy for the loss of their relationship with their son, which loss has been recognized as compensable in the natural law, Roman law and French law from which our own law is derived. However, the legislature and courts of this state have never at any time recognized the principle that every loss of a personal relationship, resulting from a delict, is compensable. The mutually exclusive categories of survivors set forth in the third paragraph of Article 2315 have been applied in cases too numerous to mention, excluding many who would otherwise have had valid claims. We do not feel that this constitutional provision can be construed so broadly as to defeat the sound policy implemented by those legislatively imposed limitations.
The constitutionality of the workmen's compensation law with reference to the concepts of due process and equal protection of the laws was recently considered by this court in Perez v. Continental Casualty Co., et al., 367 So.2d 1284 (La.App. 3rd Cir. 1979). The history and purpose of the Compensation Act as well as the most recent cases setting forth the tests for evaluating conformance to these constitutional standards were discussed at length. Although the factual situation was not exactly the same, we feel that the conclusions reached are applicable here.
The legislature has deemed it necessary in the interest of the overall workmen's compensation scheme to eliminate the right to tort recovery in cases where the Compensation Act is applicable. Furthermore, it has limited recovery under the act to dependents who have suffered or will suffer an economic loss as a result of the death of the decedent. These measures are reasonable and relevant to the objective sought to be achieved by the act. Burnmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La.1978); Perez v. Continental Casualty Company, et al., supra. Therefore, there is no equal protection violation.
Plaintiff's argument that LSA-R.S. 23:1032 violates due process is also without merit. Any right which they might otherwise have had was circumscribed by the legislature by means of the above provision long before their cause of action would have arisen by the death of their son. Thus, they have not been deprived of a *1274 vested property right. Burnmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, supra; Perez v. Continental Casualty Company, et al., supra.
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1032 provides in part:

"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease."