448 So.2d 217 (1984)
Robert S. MacDONALD
v.
REEVES TRANSPORTATION CO., INC., et al.
No. 83 CA 0543.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Douglas C. Ellis, Covington, for plaintiff-appellant Robert S. MacDonald.
Grayson H. Brown, Baton Rouge, for defendant-appellee Travelers Ins. Co. and Reeves Transp. Co. Inc.
Daniel R. Atkinson, Baton Rouge, for defendant-appellee James Carlton Baker.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
This is a suit brought in tort by a truck driver against his employer, Reeves Transportation Co., Inc., a co-employee, James Carlton Baker, and their insurer, Travelers Insurance Company. The trial court maintained the defendants' motion for summary judgment.
Plaintiff claims that the acts of the defendants constituted an intentional act within the meaning of the exception to the exclusivity of the worker's compensation act, LSA-R.S. 23:1032. Plaintiff alleges that he was injured when the chain which was being used to tow a broken-down truck broke causing him to lose control of his towing vehicle and resulting in personal injuries to him. The petition then alleges that the co-employee knew that engaging in such activity was substantially certain to result in injury to the plaintiff. The petition then sets out: "The knowledge of defendant Baker of the substantial likelihood of injury to the plaintiff as well as Reeves Transportation's discouragement of unnecessary expenditures make the decision to have the plaintiff steer the towed vehicle an intentional act."
Under the Supreme Court definition of "intentional act" in Bazley v. Tortorich, 397 So.2d 475 (La.1981), one must desire the result or know that the consequences are substantially certain to result. The allegations of the petition in the instant case fall far short of alleging material facts constituting an "intentional act" as defined by Bazley. Reed v. Yor-Wil, Inc., 406 So.2d 236 (La.App. 1st Cir.1981), writ denied 410 So.2d 1135 (La.1982).
*218 In light of the recent decisions applying Bazley v. Tortorich, the trial court's granting of the defendants' motion for summary judgment was proper. See Citizen v. Theodore Daigle and Brother, Inc., 418 So.2d 598 (La.1982).
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.