500 So.2d 880 (1986)
Kenneth REDDING and Rhonda G. Redding, Individually and His Wife For Themselves and On Behalf Of Their Minor Children
v.
ESSEX CRANE RENTAL CORPORATION OF ALABAMA, et al.
No. CA 85 1442.
Court of Appeal of Louisiana, First Circuit.
December 23, 1986.
Writ Denied February 13, 1987.
*881 Richard Talaheim, Jr., Thibodaux, for plaintiffs and appellants.
Robert Picou, Houma, for defendant and appellee  Hope Contractors and Reliance Ins. Co.
W. Keith Hurtt, Jr., Metairie, for defendant and appellee  Mayer-Hammant Equipment.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
This is an appeal of a judgment by the trial court sustaining a motion for summary judgment and dismissing plaintiffs' claims against certain defendants.
Plaintiffs, Kenneth Redding (Redding) and his wife Rhonda, both individually and on behalf of their minor children, brought this tort action seeking damages for injuries sustained by Redding in a work-related accident against Redding's employer, Hope Contractors, Inc., and its executive officers Jim McDaniels, Buddy Matherne and Phillip Hebert. Also named as defendants in plaintiffs' original petition are Essex Crane Rental Corporation of Alabama (Essex) and its executive officers; ODECO[1] and its executive officers; J.P. and Sons, Inc.; and the various insurers of the named defendants, identified only as "ABC, DEF, GHI, and JKL Insurance Companies". Mayer-Hammant Equipment, Inc. (Mayer-Hammant) was added as a defendant by plaintiffs' amended petition.
A peremptory exception, pleading the objections of no cause of action and no right of action, was filed on behalf of Hope Contractors, Inc. (Hope) and its executive officers. After a hearing on the exception it was overruled by the trial court. J.P. and Sons, Inc. also filed a peremptory exception pleading the objection of no cause of action. There is nothing in the record to indicate what action, if any, has been taken by the trial court with reference to this exception.
Additionally Hope and its executive officers filed a motion for summary judgment on the grounds that workman's compensation provides the exclusive remedy available to plaintiffs against these defendants. A motion for summary judgment was also filed on behalf of Mayer-Hammant. After a hearing on these motions, the trial court rendered judgment in favor of Hope and its executive officers and then took the motion filed by Mayer-Hammant under advisement. The motion for summary judgment filed by Mayer-Hammant was subsequently denied by the trial court.
On August 20, 1985, written judgment was signed granting the motion for summary judgment filed on behalf of Hope and dismissing plaintiffs' claims against Hope Contractors, Inc., its executive officers  Jim McDaniels, Buddy Matherne and Phillip Hebert, and its insurer, Reliance Insurance Company. It is from this adverse judgment that plaintiffs are appealing devolutively.

FACTS
Redding was employed as a pipe-fitter/welder by Hope. Hope's business premises or "yard" is located in Dulac, Terrebonne Parish, Louisiana. For several days prior to his accident, Redding was involved in the assembling of a crane and its boom. On the date of the accident, October 17, 1983, Redding was one of several Hope employees engaged in the process of spreading a cable through the crane's boom. Among the Hope employees thus engaged were those defendants alleged to be Hope's executive officers. *882 Spreading of the cable was accomplished by the men walking out from the base of the crane, up along the length of the boom, towards the end of the boom. On the day of the accident, Redding had been at work from 7:00 a.m. until approximately 10:45 p.m. when the accident occurred. Redding either slipped or was knocked off of the boom and fell, landing back first on the base of the crane's boom.
The crane involved in the accident was owned by Essex and leased to ODECO. The crane had been delivered to and placed in position in Hope's yard by J.P. and Sons, Inc. The lighting plant and equipment used to illuminate the yard at the time of the accident was owned and supplied by Mayer-Mannant to Essex.
As a result of the accident, Redding has received and continues to receive medical benefits and workman's compensation payments from Hope's compensation insurer, Reliance Insurance Company.
In their petition, plaintiffs allege that the accident was caused by unsafe and hazardous work conditions, in particular the absence of a walkway along the length of the boom and insufficient lighting of the work area. In their petition, plaintiffs claim that Hope was "negligent, at fault, strictly liable, and responsible" in failing to provide a safe work environment and in requiring or permitting the work to continue in spite of these hazardous conditions. It is plaintiffs' contention that Hope's refusal to stop the job or Hope's allowing the job to continue was an intentional tort because Hope was aware of the dangerous work conditions and the likelihood that an accident would occur as a result of such conditions.
The trial court found that there was no intentional act on the part of Hope and/or its executive officers within the meaning of LSA-R.S. 23:1032, thus plaintiffs' only action and remedy against Hope would be a claim for workman's compensation benefits pursuant to Louisiana's Workman's Compensation Law, LSA-R.S. 23:1021 et seq.

ASSIGNMENTS OF ERROR
Plaintiffs-appellants contend that the trial court erred in sustaining the motion for summary judgment and dismissing their claims against Hope and its executive officers because:
1. plaintiffs are entitled to bring a tort action against Hope and its executive officers under the principles of Bazley v. Tortorich, 397 So.2d 475 (La.1981);
2. the immunity provision of LSA-R.S. 23:1032 should not be applicable to or binding on the spouse and children of an injured employee because they have an independent claim for their damages; and
3. if LSA-R.S. 23:1032 is applied to the spouse and children of an injured employee, it violates the Louisiana Constitution because it deprives the spouse and children of property without due process of law, it fails to provide equal protection of the laws, and it denies them access to the courts.
The issues thus presented for review may be summarized as follows:
1. What is the legal meaning of the exception from the exclusivity of the workers' compensation remedy for the "intentional act" of a co-employee. Under the proper meaning and interpretation, do the facts presented support plaintiffs' allegation that an intentional act was committed by Hope and/or its executive officers.
2. Does the immunity from tort liability in the Louisiana Workman's Compensation Law, LSA-R.S. 23:1021 et seq., bar a consortium suit against the employer by the spouse and children of an employee injured under circumstances entitling him to medical and compensation benefits under LSA-R.S. 23:1021 et seq.
3. Does LSA-R.S. 23:1032 deny the spouse and children of an injured employee, covered under the Louisiana Workman's Compensation Law, property rights without due process of law or violate the constitutional rights of equal protection of the law and access to the courts.

THE INTENTIONAL ACT EXCLUSION

(ASSIGNMENT OF ERROR NO. 1)
LSA-R.S. 23:1032 provides:

*883 The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purposes of evading any of the provisions of this Section. (emphasis added)
Plaintiffs cite Bazley v. Tortorich, 397 So.2d 475 (La.1981) as being applicable and controlling in the instant case. We agree that the Louisiana Supreme Court's interpretation and definition of the term "intentional act" with regards to its use in 23:1032; however, we do not agree with plaintiffs' contention that the Court's language in Bazley somehow mandates that they have a right to bring a tort action against Hope in light of the facts of the case. The supreme court in Bazley defined "intentional act" as follows:
The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow what he did.... Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he in fact desired to produce the result. 397 So.2d 475, 482 (citations omitted)
Applying the statute and the interpretation of the term "intentional act" by the Court in Bazley, we conclude that the petition fails to state a cause of action in intentional tort or offense. The pleadings do not imply or express that Hope and/or its executive officers desired the consequences of their acts or omissions or that they believed the consequences were substantially certain to result from them. Plaintiffs, in paragraph 34 of their petition, allege that Hope and its officers are "negligent, at fault, and strictly liable" for Redding's injuries because work was permitted to continue "with inadequate lighting" and because Hope failed "to remove a hazard which it knew existed". Plaintiffs further allege that Hope and its executive officers failed "to exercise due care for Kenneth Redding, placing Kenneth Redding in an unsafe work environment ...", yet plaintiffs do not allege that Hope and its officers either desired to injure Redding or knew that such an injury was substantially certain to occur. Thus plaintiffs have failed to state a claim for an intentional tort within the meaning of LSA-R.S. 23:1032.
Plaintiffs allege that Hope and its officers "knew or should have known" of the risks involved in the work Redding was performing, however the Louisiana Supreme Court has held that even though an employer or its employees "should have known" that an act could harm the plaintiff, such act was not an intentional tort. Fallo v. Tuboscope Inspection, 444 So.2d 621 (La.1984). In the instant case, plaintiffs' *884 petition states or alleges a cause of action in negligence. No cause of action under the intentional act exception of LSA-R.S. 23:1032 is asserted and simply alleging that injury is substantially certain to follow is not enough to make "intentional act" a material issue. MacDonald v. Reeves Transport Co., Inc., 448 So.2d 217 (La. App. 1st Cir.1984). The allegations that other sub-contractors refused to work after dark and that Redding had a disagreement with his foreman as to the job's procedures or condition are also insufficient to state a cause of action for an "intentional act" within the meaning of LSA-R.S. 23:1032. That a worker is ordered to work in an unsafe place has been held insufficient to prove an intentional tort. McDonald v. Boh Brothers Construction Co., Inc., 397 So.2d 846 (La.App. 4th Cir.1981).
This assignment of error is without merit.

INDEPENDENT DAMAGE CLAIM OF SPOUSE AND CHILDREN

(ASSIGNMENT OF ERROR NO. 2)
Plaintiffs contend that the consortium claim by Redding's spouse and children is separate from Redding's damage claim therefore it is not subject to the tort immunity exception of LSA-R.S. 23:1032. In Theriot v. Damson Drilling Corp., 471 So.2d 757 (La.App. 3d Cir.1985); writ denied, 472 So.2d 907 (La.1985), the court held that employer's immunity from tort liability extends to the loss of consortium claimed by the wife and children of an employee whose injury is compensable under the workman's compensation law.
Redding's injury is obviously compensable under the workman's compensation law since he has been receiving compensation benefits and payments regularly and continuously from the time he was injured, therefore the immunity from tort liability provisions of the statute apply to the separate consortium claim by Redding's wife and children.
This assignment of error has no merit.

CONSTITUTIONALITY OF LSA-R.S. 23:1032 AS APPLIED TO SPOUSE AND CHILDREN

(ASSIGNMENT OF ERROR NO. 3)
Plaintiffs argue that the exclusion of tort remedies provided by LSA-R.S. 23:1032 is unconstitutionally vague and deprives plaintiffs of property without due process of law and is a deprivation of the equal protection of law.
The constitutionality of the workman's compensation law with reference to the concepts of due process and equal protection of the laws has been considered in various cases such as Perez v. Continental Casualty Company, 367 So.2d 1284 (La. App. 3d Cir.1979) and Branch v. Aetna Casualty and Surety Company, 370 So.2d 1270 (La.App. 3d Cir.1979). In these cases the court discussed the history of LSA-C.C. art. 2315 and determined whether the legislature could constitutionally limit that right for damages given under Art. 2315 in a manner such as it has in the Louisiana Workman's Compensation Act. It is well-settled jurisprudentially that the wording of LSA-R.S. 23:1032 is clear and unambiguous.
Although the factual situations in Perez and Branch are not exactly the same as the instant case, we feel the conclusions reached are applicable nonetheless. The court in Branch, 370 So.2d 1270, 1273-74 held that:
The legislature has deemed it necessary in the interest of the overall workmen's compensation scheme to eliminate the right to tort recovery in cases where the Compensation Act is applicable. Furthermore, it has limited recovery under the act to dependents who have suffered or will suffer an economic loss as a result of the death of the decedent. These measures are reasonable and relevant to the objective sought to be achieved by the act. Burnmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La.1978); Perez v. Continental Casualty Company, et *885 al., supra. Therefore, there is no equal protection violation.
Plaintiff's argument that LSA-R.S. 23:1032 violates due process is also without merit. Any right which they might otherwise have had was circumscribed by the legislature by means of the above provision long before their cause of action would have arisen by the death of their son. Thus, they have not been deprived of a vested property right. Burnmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, supra; Perez v. Continental Casualty Company, et al., supra.
In light of the fact that LSA-R.S. 23:1032 is applicable to a consortium claim by an injured employee's spouse and children, the constitutional validity of LSA-R.S. 23:1032 is the same whether it is applied to a claim by an injured employee, his spouse or his dependents.
This assignment of error has no merit.

DECREE
For the foregoing reasons the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] Plaintiffs' petition "out of an abundance of caution", names as defendants ODECO, Inc.; Ocean Drilling & Exploration Company, Individually and d/b/a ODECO; ODECO Drilling, Inc.; ODECO Engineers, Inc.; ODECO Oil & Gas Company; and ODECO Norway, Inc. which we, for the sake of economy, simply refer to as ODECO.