Clara Thompson, the admitted common law widow of Marshall Davis, deceased, instituted this suit against defendant, Vestal Lumber and Manufacturing Company, employer of the deceased, for and on behalf of their two minor children, Myrtis Lee and Jean Davis, firstly, to recover damages and, secondly, workman's compensation on account of his death. In the tort action it is alleged that the deceased met death because of the negligence of the employer in several mentioned respects. It is also alleged:
"Marshall Davis, and said Petitioner, Clara Thompson, lived together in open concubinage or common law marriage, in said Town of Clayton, Louisiana, for many years, but were never married, although no lawful impediment to marriage existed. *Page 595 
"Of said union two children were born, namely, said Myrtis Lee Davis, now four years old, and said Jean Davis, now 14 months old.
"Said children were the illegitimate children of said Marshall Davis, and were never acknowledged by him as his children, by notarial act, but were always acknowledged as his children by him throughout the community, and lived with him, in the same house with him and said Clara Thompson, and were supported by said Marshall Davis from their birth to the date of his death, as his children."
* * * * *
"Said children have an inherent, inalienable right to the support and companionship of their said father, and any law which attempted to deprive them of such right would be null and void as violating Sections two and six of Article I of the Constitution of Louisiana. * * *".
The deceased was accidentally killed on September 1, 1941. The tort action was filed August 31, 1942. The alternative demand, that for compensation, was first urged by supplemental petition filed December 4, 1942. To both demands defendant tendered exceptions of no cause and no right of action. To the demand for compensation a plea of prescription of one year was also interposed. The plea was not passed upon. The exceptions were sustained and the suit dismissed. Plaintiff appealed.
The exceptions are leveled against the right of the minors to recover on either phase of the demand on the ground that they are illegitimate and were not acknowledged by the deceased in any manner prescribed by law.
Prior to adoption of Act 20 of 1914, known as the Burke-Roberts Employers' Liability Act, there did not exist a workmen's compensation law in this state. The general law of tort only prevailed and under it the defenses of contributory negligence, fellow servant doctrine and that of assumption of risks, when either were urged and proven, barred recovery by the injured workman or his widow and children in the event of his death. This result in many cases left the wife and/or dependent children in necessitous circumstances and a charge upon the public or the state for bare subsistence. The imperative need for legislation to correct this lamentable condition was felt and acted upon by many states of the union prior to our own. It was a matter that addressed itself primarily to the law making power, the Legislature. These mentioned defenses were specifically abolished and a schedule of payments for incapacitating injuries to and/or death of the workman was set up by said act. It was equally the power and right of the Legislature to ordain specifically upon whom devolved the right to sue to recover workmen's compensation in the event of the death of the workman, and it did so in no uncertain terms. Subsection 2 (H) of Section 8 of the Act, as amended by Act No. 242 of 1928, names the various kinds of children of a deceased workman upon whom devolves the right to recover compensation for his death. It reads:
"The term `child' or `children' shall cover only legitimate children, step-children, posthumous children, adopted children and illegitimate children acknowledged under the provisions of Civil Code Article 203, 204 and 205. * * *"
Article 203 of the Civil Code, referred to, reads as follows:
"The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in presence of two witnesses, by the father and mother or either of them, whenever it shall not have been made in the registering of the birth or baptism of such child."
There is no contention, but on the contrary it is admitted in argument and petition, that neither of the children of the deceased was acknowledged by their father in compliance with either of the methods specified in this Article. Article 204 of the Civil Code simply provides that Article 203 does not apply to children, the offspring of persons as to whom there existed legal impediment to their marriage, and Article 205 declares that the acknowledgment by the father without the concurrence of the mother is effective only as to him.
The right to recover workmen's compensation does not devolve upon dependent children as an inheritance. It is in the nature of insurance designed to provide them subsistence (protection from want) until they have reached eighteen years of age, at which time, presumably, they are able by their own efforts and industry to earn a livelihood for themselves.
Plaintiff's children are the offspring of the illicit relation between herself *Page 596 
and her deceased husband and not having been acknowledged as permitted by the act, are, for this reason, barred from claiming the compensation that would be due them if legitimate or legitimated by acknowledgment.
Plaintiff is equally unfortunate in the tort action. This action is founded upon Article 2315 of the Civil Code. So far as needful at this time, in part, as amended by several acts of the Legislature, it reads:
"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children, * * * or [surviving] spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them * * *."
Children referred to in this law include only those who are the issue of lawful wedlock or who, being illegitimate, have been acknowledged or legitimated pursuant to methods expressly established by law. The question here discussed was specifically tendered and passed upon in Youchican v. Texas Pacific R. Co.,147 La. 1080, 86 So. 551, wherein the court held, as disclosed from the syllabus:
"Act No. 71 of 1884, and Act No. 120 of 1908, amending Civ. Code, art. 2315, to give a right of action to the child or children of a person killed, have reference exclusively to `legitimate children,' that is, children born in wedlock, or to children duly legitimized."
This holding is supported by: Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L.R.A., N.S., 480, 118 Am.St.Rep. 391, 10 Ann.Cas. 807; Landry et ux. v. American Creosote Works, Ltd., 119 La. 231, 43 So. 1016, 11 L.R.A., N.S., 387; Green et al. v. New Orleans S. G.I.R. Co., 141 La. 120, 74 So. 717.
Devolution of the rights of action comprehended within Article2315 of the Civil Code as amended, takes place simply because the law making power has so ordained. Prior to the amendments, a right of action, such as here involved, did not exist. Upon whom it should devolve was a matter that peculiarly addressed itself to the Legislature. It has acted and the beneficiaries named may not be increased by judicial action.
Laws conferring rights of action to sue for damages upon persons bearing certain relationship to a deceased are strictly construed. They may not be extended by interpretation to persons not clearly embraced therein.
In keeping with this policy it has been held that a putative wife had no right of action to sue in damages for the death of her husband. Vaughan v. Dalton-Lard Lumber Co., Ltd., et al.,119 La. 61, 43 So. 926.
The Legislature in denying to children of the status of those involved herein the right to sue for damages sustained on account of their father's death, violated no Constitutional provision. It did not deprive them of a vested right, as no right in the respect mentioned, ever devolved upon them, nor could it have been so without Legislative action.
Counsel, in brief, makes this rather touching appeal on behalf of these two unfortunate colored children, to-wit:
"It is true these children are black. But we are sending millions of dollars to take care of black and yellow children in other countries. It is true their parents had a relation which is marriage in the other states of United States but is not marriage in Louisiana. But this does not give the right to treat these little babies as outcasts.
"If the law says that these plaintiffs have no remedy for being thus deprived of their protector and provider; if industry can take the life of such a father and do nothing to help the plight of the children: then Louisiana law is cruel, and unjust and despicable. But we respectfully submit this is not Louisiana law."
Courts do not enact laws. Their province is to construe and apply them in the light of established facts of each case. Neither sympathy nor sentiment has any place in judicial actions which involve property or other rights or rights of action. Counsel's appeal would best be directed to the Legislative branch of the state. The status of these two helpless children naturally arouses the sympathy of all having knowledge thereof. They are innocent victims of the immoral relations of their parents, committed with full knowledge that the issue thereof would not be accorded, under the law, the same recognition that would be due them as if born in lawful wedlock. *Page 597 
The exceptions, in our opinion, were properly sustained by the lower court, and for this reason and those herein assigned, the judgment appealed from is affirmed with costs.