435 So.2d 565 (1983)
Virginia E. HENRY (Linda Gaspard, Provisional Administratrix of the Succession of Virginia E. Henry), Plaintiff-Appellant,
v.
STATE of Louisiana, Through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES, et al., Defendants-Appellees.
No. 83-84.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1983.
Rehearing Denied August 17, 1983.
*566 Antoon, Dalrymple & Beck, Robert L. Beck, Jr. and Joseph T. Dalrymple, Alexandria, for plaintiff-appellant.
Gravel, Robertson & Brady, James J. Brady, Alexandria, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
DOMENGEAUX, Judge.
The original plaintiff, Virginia E. Henry, filed this suit against the State of Louisiana, Through the Department of Health and Human Resources, Huey P. Long Memorial Hospital of Pineville, and Charity Hospital of Louisiana at New Orleans, alleging acts of malpractice arising out of the treatment and/or lack thereof administered to her from April through July of 1980. On March 8, 1982, prior to the trial of this matter, Virginia Henry died. Thereafter, Ms. Henry's succession was opened and Linda Gaspard was appointed provisional administratrix. As administratrix of the succession, Ms. Gaspard was substituted as party plaintiff in the present suit. On the day of the trial, the defendant filed exceptions of no right and no cause of action against Ms. Gaspard, which was referred by the district judge to the merits.
The district court after hearing all of the evidence on the merits of this suit, rendered judgment in favor of the defendants on the exceptions of no right and no cause of action, dismissing the suit as to Linda Gaspard at her costs. From this adverse judgment, Ms. Gaspard devolutively appealed to this Court.
For reasons provided herein, we hold that the district court properly maintained the defendants' exception of no right of action. Therefore, we pretermit any discussion of the exception of no cause of action filed by the defendants, as well as the merits of the plaintiff's case.
La.C.C.P. Art. 927 is the source of the peremptory exception of no right of action. The essential function of this objection is to raise the question of whether a remedy afforded by law can be invoked by a particular plaintiff. It relates specifically to the person of the plaintiff. Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir.1977); Landry v. Puritan Insurance Company, 422 So.2d 566 (La.App. 3rd Cir.1982).
The source of the right of action sought to be asserted by the plaintiff is La.C.C. Art. 2315, which provides, in part, as to all damages other than property damages:
"The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of *567 action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover the damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not."
It was stipulated by the parties involved in this suit that Virginia Henry was survived at the time of her death by no persons who fell within the specific categories of beneficiaries described in Article 2315, supra. Accordingly, it follows that Linda Gaspard, as provisional administratrix of Ms. Henry's estate, was not a member of any one of these categories as well.
The plaintiff argues that the survival action as described in Article 2315, supra, does not restrict her right to be substituted in the action initially instituted by the decedent. She bases this contention on a construction of Articles 426 and 428 of the Louisiana Code of Civil Procedure. Article 426 provides in pertinent part:
"An action to enforce an obligation is the property of the obligee which on his death is transmitted with his estate to his heirs, universal legatees, or legatees under a universal title, except as otherwise provided by law." (Emphasis added).
In addition, La.C.C.P. Art. 428 states:
"An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal."
However, these two codal provisions must be interpreted in conjunction with La.C.C.P. Art. 801, which provides:
"When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.
As used in Articles 801 through 804, `legal successor' means:
(1) The survivors designated in Article 2315 of the Civil Code, if the action survives in their favor; and
(2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein." (Emphasis added).
The plaintiff construes these three articles to mean that in the absence of those beneficiaries delineated in La.C.C. Art. 2315, the survival action devolves upon the succession representative of the deceased or the heirs or legatees of the deceased as described in the second part of the definition of "legal successor" found in La.C.C.P. Art. 801. Upon this basis, she maintains that the survival action does not abate in the absence of those beneficiaries listed in Article 2315, but rather devolves upon her as the provisional administratrix of Virginia Henry's estate.
We are unable to concur with the plaintiff's argument. In J. Wilton Jones v. Liberty Mutual Insurance Company, 248 So.2d 878 (La.App. 4th Cir.1970), writ denied, 259 La. 61, 249 So.2d 202 (La.1971), the Court specifically explained the proper interpretation of the substitution provisions of La.C. C.P. Article 801:
"An argument is made that it is only when, i.e., during the time that, the action survives in favor of art. 2315 survivors that they may be substituted. We believe the structure of C.C.P. art. 801 requires the interpretation rather that if, i.e., in the case that the action devolves on art. 2315 survivors, which is every tort personal injury action, then the survivors may have themselves substituted. `Otherwise', namely in every tort property damage action, every contract and every property casewhere the action does not survive in favor of art. 2315 beneficiariesthe succession representative or heirs may be substituted."
Therefore, the initial inquiry which must be made in order to determine whether or not a party may be substituted for the decedent in an instituted action concerns the nature of the suit itself, rather than the status of the parties seeking to be substituted. If the suit involves a tort personal injury action, *568 then only the survivors listed in La. C.C. Article 2315 can be considered to be the "legal successors" of the decedent and may have themselves substituted. If the suit involves any other type of action (excluding an action to enforce an obligation or right which is strictly personal), then the succession representative, or heirs or legatees are the "legal successors" of the decedent and may have themselves substituted accordingly. It thus follows that the clear import of Article 801 as interpreted in Jones, supra, is that in an instituted personal injury suit in which none of the survivors listed in Article 2315 exist, the action is abated upon the death of the person initially bringing the suit. This conclusion is further buttressed by comment (b) to Article 801, which states that the Article was "... Amended, so as to avoid any possible conflict with any of the provisions of Art. 2315 of the Civil Code, as amended by La. Act 30 of 1960."
Therefore, the only way in which the plaintiff can prove that she has a right of action is to demonstrate either: (1) that she is one of the named beneficiaries in La.C.C. Art. 2315, or (2) that the list of beneficiaries provided in Art. 2315 is merely illustrative rather than exclusive. The first criterion cannot avail the plaintiff since it was stipulated at the trial that Virginia Henry was survived by no one who qualified as a beneficiary under Art. 2315. Furthermore, the second possibility was expressly abrogated by the Supreme Court in Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396 (La.1980), when it stated:
"It is well-settled in the jurisprudence that the right of action created by Article 2315 may be extended only to the beneficiaries named in the statute and that the classes of beneficiaries must be strictly construed. As stated in Thompson v. Vestal Lumber Manufacturing Co., 16 So.2d 594 (La.App. 4th Cir.1943), `Upon whom (the right of action) should devolve was a matter that peculiarly addressed itself to the Legislature. It has acted and the beneficiaries named may not be increased by judicial action.'"
In the district judge's reasons for judgment, he quoted the plaintiff from a portion of her post-trial memorandum, where she made the following observations:
"To hold that plaintiff's action abated upon her death achieves two absurd results. Firstly, it creates a class of tort victims who, from the tort feasor's standpoint, are better dead than badly wounded. Secondly, it provides a method of leaving an estate heavily encumbered with liabilities for medical services rendered as a result of the tort, but no right by the heirs to prosecute a claim to offset this liability imposed upon the estate by the tort feasor's negligence. In short, a tort feasor should not profit by the gravity of the harm he inflicts, the death of the victim."
Plaintiff's observations present a respectable argument, but we must concur with the viewpoint of the district judge that it is the responsibility of the Legislature, rather than the Court, to address this problem.
For the above and foregoing reasons, the judgment of the trial court maintaining the defendant's exception of no right of action is affirmed.
All costs are assessed against Linda Gaspard.
AFFIRMED.