laHILLARY J. CRAIN, Judge Pro Tem.
Lydia Smith alleges she was injured in the course and scope of her employment with the St. Tammany Parish Sheriffs Office as a school crossing guard on May 26, 1994. She subsequently filed a disputed claim for workers’ compensation. The St. Tammany Parish Sheriffs Office (STPSO) filed a peremptory exception raising the objections of no cause of action and no right of action, alleging that, as a result of Ms. Smith’s status as a deputy sheriff with the STPSO, she was excluded from workers’ compensation coverage. The hearing officer maintained the exceptions. Ms. Smith has appealed, alleging five assignments of error:
1. The immunity statute that was the basis of defendant’s exceptions (La.R.S. 23:1034 A) is an unconstitutional violation of Louisiana Constitutional Article 12, § 10’s complete waiver of sovereign immunity of the state and its political subdivisions for “injuries to persons,” and should be struck down.
2. In the alternative, the hearing officer erred in ruling that defendant sustained its burden of proving that Lydia Smith was in fact a “deputy sheriff’ such as to entitle it to any claimed immunity as alleged in its pleadings.
3. In the further alternative, defendant violated Lydia Smith’s guarantee of equal protection under Article I, § 3 of the Louisiana Constitution and the U.S. Constitution.
4. In the further alternative, La.R.S. 23:1034 A violated Lydia Smith’s due process rights that are protected by Article I, § 2 of the Louisiana Constitution and Articles V and XIV of the U.S. Constitution.
5. In the further alternative, La.R.S. 23:1034 A violates Lydia Smith’s constitutional guarantee of having open Courts with an adequate remedy at law for injury to her person, found at Louisiana Constitution Article 1, § 22.

PLAINTIFF’S STATUS AS A DEPUTY SHERIFF

In this assignment of error, Ms. Smith contends that the hearing officer’s determination that she was a deputy sheriff with the STPSO was erroneous. She argues in brief *1333 that she was not a deputy because “[s]he did not have a deputy badge, uniform, or gun.... She performed no law enforcement duties, and her only job was to help children cross the street.... She could not arrest anybody, and had received no deputy sheriff training courses.” Additionally, she argues that, pursuant to La.R.S. 42:161, because she never completed the oath of office form as required by La.R.S. |342:1162, she was legally prohibited from performing her duties as a deputy.
The function of the objection of no right of action is to test whether a remedy afforded by law can be invoked by a particular plaintiff. Nungesser v. James H. Brown, Commissioner of Insurance, State of Louisiana, 95-1039 (La.App. 1st Cir. 10/6/95); 664 So.2d 132. Our jurisprudence has held that:
“The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted.”
Id. at 2, 664 So.2d 132 [quoting Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212, 1214-1215 (La.App. 1st Cir.1977) and Bielkiewicz v. Rudisill, 201 So.2d 136,142 (La.App. 3d Cir.1967) ].
The cause of action asserted by Ms. Smith is provided in La.R.S. 23:1034, which provides that a workers’ compensation action is the exclusive remedy for public employees against their employer. However, unlike public employees, public officers and officials of their respective political subdivisions are excluded from workers’ compensation coverage pursuant to La.R.S. 23:1034 A. Pursuant to subsection B, sheriffs’ deputies are, by definition, appointed public officers and officials of their parish law enforcement districts and are thus excluded from workers’ compensation coverage. A specific exception is made in subsection A for criminal deputies of Orleans Parish. Thus, if Ms. Smith is a deputy sheriff she is excepted from workers’ compensation coverage. Consequently, she is not a plaintiff who falls within a general class of persons to whom the law affords a remedy.
The STPSO submitted an affidavit by Chief Deputy Wallace B. Laird who attested that neither the parish nor the STPSO has ever established a workers’ compensation fund or plan for its deputies; all employees of the STPSO are deputy sheriffs; Ms. Smith is a deputy sheriff with the STPSO; and her current commission and oath Lof office were appended to the pleadings. Exhibit C submitted by the STPSO provides that Ms. Smith signed for and received her uniform, equipment and a training manual from the STPSO on December 31,1991.
The Oath of Office signed by Ms. Smith on July 1,1992, reads as follows:
“I, Lydia D. Smith do solemnly swear (or affirm) that I will support the Constitution and Laws of the United States and the Constitution and Laws of this State and that I will faithfully and impartially discharge and perform all the duties incumbent on me as: DEPUTY SHERIFF IN AND FOR THE PARISH OF ST. TAMMANY, STATE OF LOUISIANA.”
Plaintiffs Exhibit B was an Oath of Office signed on January 3,1992, by Ms. Smith and witnessed by Charlotte Williams, a deputy clerk and ex-officio notary public. The language of the oath was identical to that signed on July 1, 1992. However, at the bottom of the page was a form which provided for the acknowledgment by the “public officer” of his or her receipt of the ethics code as required by La.R.S. 42:1162. The form was not signed by Ms. Smith, who claims she did not receive a copy of the ethics code. Because she did not receive a copy of the ethics code she alleges her commission was never effective.
Pursuant to La.R.S. 42:1162, when the secretary of state issues a commission to a *1334 public servant, the secretary is required to furnish a copy of the ethics code to the public servant. The public servant must acknowledge receipt of the code when filing the oath of office with the secretary. Nowhere does this statute provide that the commission is ineffective if the public servant does not acknowledge receipt of the ethics code or does not receive a copy of the code.
Pursuant to La.R.S. 42:141, a vacancy in office is created if the public servant does not file the oath of office within thirty days after receipt of the commission. It does not provide for a vacancy if a copy of the ethics code is not furnished or an acknowledgment of the receipt of the ethics code is not signed by the public servant. Ms. Smith does not allege that the oath of office was not properly filed.
[ sAfter careful review of the record, we conclude that Ms. Smith was employed as a deputy sheriff with the STPSO. Her failure to acknowledge receipt of a copy of the ethics code does not alter the fact that she is a deputy. Thus, as a matter of law Ms. Smith does not fall within the general category of persons to whom the law affords the remedy of workers’ compensation. The judgment of the hearing officer, maintaining the objection of no right of action, is correct.
This assignment is without merit.

CONSTITUTIONALITY OF LA. R.S. 23:1034 A

Ms. Smith contends that, in excepting sheriffs’ deputies from the workers’ compensation remedy, the state is in violation of the waiver of immunity provision of Article 12, § 10 of the Louisiana Constitution of 1974.
Article 12, § 10 of the constitution provides in part:
“A) No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
B) Waiver in Other Suits. The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.”
In § 10(A) the framers of the 1974 constitution intended to give constitutional status to the proscription against immunity by the state or its political subdivisions from substantive tort and contract liability, and to remove the discretionary right of the legislature to consent to suit. Section 10(B) provides that the legislature may at its discretion authorize other suits against the state, however, when the legislature does so it must waive immunity from suit and liability. Chamberlain v. State, Department of Transportation and Development, 624 So.2d 874 (La.1993).
A workers’ compensation action is not a tort suit. It is, rather, an exclusive statutory remedy available to (public) employees in lieu of a tort suit. By excepting deputies (other than Orleans criminal deputies) from workers’ compensation, the deputies are free to pursue a tort claim against the state or its l6Political subdivisions under the waiver of immunity provided for in Article 12, § 10. Thus, La. R.S. 23:1034 does not violate the constitutional prohibition against sovereign immunity for actions in tort and contract against the state and its political subdivisions.
Ms. Smith additionally argues that the exclusion of deputies other than Orleans criminal deputies from the Workers’ Compensation Act is a violation of her right to equal protection of the law pursuant to Article I, § 3 of the constitution. She also alleges that it is in violation of her right to due process under the federal and state constitutions.
In Parker v. Cappel, 500 So.2d 771 (La. 1987), our supreme court held that La.R.S. 23:1034 B does not violate equal protection or substantive due process under the Louisiana Constitution of 1974. In arriving at this determination the supreme court analyzed the entire statute. It concluded that Orleans Parish Criminal Deputies were treated dif *1335 ferently from other sheriffs’ deputies. However, the disparate treatment was based on legitimate reasons. The supreme court found that the duties of Orleans criminal deputies differed from the duties of all other deputies and the Orleans Criminal Sheriffs Office is funded differently than all other sheriffs’ offices. The supreme court also found that the legislative scheme of excluding all other deputies from workers’ compensation coverage “suitably furthers the appropriate state interest of providing a workers’ compensation coverage which is not drained by a class with heavy demands upon the state’s funds for such coverage.” Id. at 777.
In answer to the contention that the exclusion of deputies from workers’ compensation is a denial of due process, the supreme court found no deprivation of life, liberty or property.
For the reasons stated in Parker v. Cap-pel, we hold that La.R.S. 28:1034 A does not violate the equal protection clause of our constitution, nor does it deny the constitutional guarantee of substantive due process.
These assignments are without merit.
^Accordingly, we affirm the judgment of the hearing officer. Costs are assessed against appellant.
AFFIRMED.