Dear Mr. Picard:
Your opinion request regarding a public records request to your office has been referred to me for response. The request is from the Daily Advertiser Newspaper and lists three categories of items they wish to examine, which are as follows:
1. Names of PRAXIS test participants reported to the Department of Education by Education Testing Service.
2. School systems and individual schools in which these individuals were employed during the 1996-97 school year, their certification status before and after the retest and what positions they held during the school year.
3. Locations where these individuals took the test that was questioned by ETS.
You inform us that the items in #1 have been previously provided to the requestor.
With regard to item #2, you state that no document exists with the compilations that is requested and this information would have to be prepared from Department of Education computer lists. It is clear that such a compilation is not required by law, Nungesser v. Brown, La. 2/16/96, 667 So.2d 1036, reversing the 1st Circuit decision at 664 So.2d 132.
With regard to #3, you state that no document exists with the specific information requested and again, a prepared document would be necessary to satisfy the request. The Nungesser case cited above holds that the public agency need not prepare such a document.
Furthermore, it appears that the information sought is a request for disclosure of test scores or test outcomes of the individuals participating in the PRAXIS test through Education Testing Service in order to seek Department certification. This testing process, as evidenced by the documents you provided, contains severe confidentiality provisions to protect the privacy of the test participants. In documents provided to us, ETS states:
 "ETS recognizes the right of individuals to control the information about them that is stored by ETS. Its policies are designed to safeguard information about examinees from unauthorized disclosure."
It is our opinion that the test scores or outcomes are protected by Louisiana's Constitution, Article 1, § 5, right to privacy. In Trahan v. Larivee, 365 So.2d 294 (La.App. 3rd Cir. 1979) the court held that personnel evaluations of public employees were protected from disclosure because of the expectation of privacy. Similarly, the confidentiality of the testing process imposed by ETS and agreed to by the examinees creates an expectation of privacy in those test results. The tests are furthermore similar to personnel evaluations.
We are also concerned that release of these test scores may violate federal law, namely the Buckley Amendment,20 U.S.C.A. 1232g, with its confidentiality of education information provisions. We are mindful of the recent Louisiana Supreme Court decision in Capital City Press v. East Baton Rouge Parish MetroCouncil, et seq., No. 96-C-1979 (7/1/97) wherein the court strongly affirmed the public's right to access to records and allowed employment applications to be disclosed. Even in that case the Court left open the possibility that some information in a resume' may be clearly private in nature and protected from disclosure. Capital City also did not overrule or cite Trahan.
In summary, it is the opinion of this office that testing scores or outcomes are protected from disclosure and should not be supplied via a public records request. Furthermore, the Department is not required to compile information or create documents to comply with a records request.
We hope the foregoing has answered your request. If you have any questions regarding the above, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ JAMES M. ROSS Assistant Attorney General
RPI:JMR:glb