Dear Sheriff Champagne:
This office is in receipt of your request for an opinion of the Attorney General in regard to disability and health insurance for the Sheriff's office. Your questions are as follows:
DISABILITY INSURANCE
 1. Can a Parish Sheriff's Office purchase disability insurance (Short-term and long-term) for all employees, including deputies?
 2. Can the Sheriff's Office be the beneficiary of all or part of the benefits; or should a subrogation of wages be in place?
 3. Can the Sheriff's Office pay for all or part of the disability insurance where an employee is the beneficiary of all or part of the benefits?
 4. Would the purchase of disability insurance relieve the Sheriff's Office of any worker's compensation liability?
HEALTH INSURANCE
 1. With health insurance with 24-hour coverage can we offer two different health plans, and can the department pay 100% of the least expensive plan, i.e., plan I cost $100 for employee coverage, Plan II cost $110 for employee coverage wherein the department would pay $100 towards all employees' premiums, including the ones who choose Plan II.
We find Article VII, Section 14 of the Louisiana Constitution pertinent to your inquiry. While that Article prohibits the loan, pledge or donation of public funds, it further provides that this section shall not pertain to the contribution of public funds for pensions and insurance programs for the benefit of public employees. This office has found this exception authorizes state and local entities to fund insurance programs for public employees and their dependents. Atty. Gen. Op. Nos. 97-311, 96-153, 92-495.
Consistent with this constitutional provision is R.S. 33:5151
which authorizes political subdivisions of the state to make contracts of insurance with any insurance company authorized to do business in the state insuring their employees under group insurance covering hospitalization and match payments for the premiums charged for such contacts, and the statute places no limit on the contribution towards payment of premiums for accident and health protection.
We further note that R.S. 33:1148(A) provides that the sheriff and his deputies, shall be insured under a policy, or policies, of group life, health, accident, accidental death and dismemberment, hospital, surgical or medical expense insurance in such amount, or amounts, as may be contracted for by the officers of the Louisiana Sheriff's Association, or their dependents.
However, it is further provided in Paragraph (C)(2) that notwithstanding the provisions of Subsection A of this Section, the sheriff and deputy sheriffs of each parish of the state may elect the group plans contracted by the Sheriff's Association or under a group policy or policies or self-insurance plan contracted for by the sheriff or the parish if the insurer is authorized to do business in this state.
This statute additionally sets forth in Paragraph (F) that sheriffs, their insurers, and any authorized self-insurance plan shall be subrogated to all rights and actions which any deputy or his dependents have or may have for all sums which they have paid or may pay as salary or compensation.
Based on these provisions we would conclude in response to your questions that a Sheriff can purchase disability insurance for the employees of the department, including deputies, and can pay for the premiums where the employee is the beneficiary of all or part of the benefits.
In regard to your question if the sheriff can be beneficiary of all or part of the benefits or should there be a subrogation of wages, we find this would be a matter of choice for the sheriff when they purchase the disability insurance for all employees. As observed by this office in Atty. Gen. Op. No. 93-677, the department may set up rules and regulations for the payment of sick leave but full pay received by the employee must be off-set by any worker's compensation benefits actually received, and in the instant case by disability benefits payable by insurance or that set forth in R.S. 11:2178 for disability benefits.
However, we do not find that an employee entitled to worker's compensation can have it ignored because of disability insurance. Although, we find it pertinent to point out while every person in service of the state or a political subdivision thereof are covered by worker's compensation under R.S. 23:1034, public officers are excepted, and this includes sheriff's deputies. This exclusion was found not to be unconstitutional in Smith v.St. Tammany Sheriff's Office, 668 So.2d 1331 (La.App 1996), cert. denied, 672 So.2d 694, wherein the Court stated the plaintiff, as a deputy sheriff, under statutory law, R.S.23:1034, does not fall within the general category of persons to whom the law affords the remedy of worker's compensation.
As further observed in the Atty. Gen. Op. 93-677, a suit may be filed if there is a third party who may be liable for the disability inflicted upon the employee, and there may be reimbursement for amounts due under the Worker's Compensation Act or sick leave benefits if sufficient funds are recovered.
In regard to your inquiry whether you can offer two different health plans and pay the same amount on each whereby those selecting the more extensive plan would pay the excess, we find no prohibition to this procedure. In fact, in R.S. 22:669 any insurance contract in this state, including a group insurance plan, a self-insurance plan, and the Louisiana State Employees' Uniform Group Benefits Program shall offer to the policyholder in all group, blanket and franchise policies an optional provision in the policy for services rendered for the treatment of mental or nervous disorders. We see no reason why such an option cannot be offered the employees with the additional cost being their responsibility.
As noted above the parish sheriff and his deputies shall be insured under policies as contracted for by the Sheriff's Association or he can elect a group plan contracted by the parish or he can make the contract. Since as we do not know what option has been selected, we would suggest you discuss these questions with the Sheriff's Association or the Parish if you coverage is with them.
We hope this sufficiently answers your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR